UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EUGENE BETHEA,

    Plaintiff,

          v.

GENERAL MOTORS
CORPORATION, *et al.,*

    Defendants.

Case No. 21-cv-12432
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO DISMISS [ECF NO. 12]**

## I.    Introduction

Plaintiff Robert Eugene Bethea, proceeding pro se, sues General Motors Corporation, UAW International, and Aramark Services, alleging racial discrimination and retaliation in the termination of his employment, failure to promote him, and unequal terms and conditions of his employment, in violation of Title VII of the Civil Rights Act. ECF No. 1. The Honorable Laurie J. Michelson referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b)(1). ECF No. 13.

In February 2022, UAW moved to dismiss.  ECF No. 12.  The parties then twice stipulated to extend the time for Bethea to respond.  ECF No. 14; ECF No. 15.  But Bethea did not respond, so the Court ordered him to show cause by June 2, 2022 why his "complaint should not be dismissed for the reasons stated in the motion to dismiss and for failure to prosecute." ECF No. 16, PageID.49.  He filed no response.  The Court recommends that UAW's motion to dismiss be granted.

## II.    Analysis

### A.

Bethea failed to respond to defendants' motion or to the order to show cause, and dismissal may be warranted on those grounds under Federal Rule of Civil Procedure 41(b).  *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013) ("dismissal is the only appropriate remedy" when the plaintiff "has effectively abandoned the case.").  But when a plaintiff has failed to respond to a motion to dismiss, courts should still exercise caution to ensure that the moving party has met its burden of showing that it is entitled to outright dismissal.  *Coley v. State of Ohio Dep't of Rehab.*, No. 2:16-CV-258, 2016 WL 5122559, at *1 (S.D. Ohio Sept. 21, 2016).  Here, the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Defendant UAW argues that Bethea's case is time-barred because Bethea filed his complaint more than 90 days after receiving his notice of right to sue letter.  ECF No. 12, PageID.36.  The Court agrees.

**B.**

A plaintiff bringing Title VII claims must sue within 90 days after receiving a right to sue letter from the EEOC.  *See* 42 U.S.C. § 2000e–5(f)(1); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984) (per curiam) (reinstating district court's dismissal of action in case when pro se plaintiff failed to sue within ninety days of receiving right to sue letter). This rule holds even when the plaintiff is pro se "because such a plaintiff still has a responsibility to meet the requirements of the law." *Hudson v. Genesee Intermediate Sch. Dist.*, No. 13-12050, 2013 WL 6163220, at *4 (E.D. Mich. Nov. 25, 2013) (collecting cases and dismissing plaintiff's Title VII and ADEA claims filed 92 days after presumptive receipt of right to sue notice as untimely).  "[E]ven one day's delay is fatal to a claim." *Id.* (internal quotation marks and citations omitted).

Bethea filed his suit a day late.  He alleges that he received the EEOC right to sue letter on July 15, 2021.  ECF No. 1, PageID.7.  In the letter, which made no findings on the merits of Bethea's claims, the EEOC instructed him that he had 90 days from the day he received the letter to sue.  *Id.*, PageID.10.  Since Bethea received the letter on July 15, 2021, he had to sue by October 13, 2021.  He filed suit on October 14, 2021, so his

4

suit is time-barred and should be dismissed.  *See Hudson*, No. 13-12050, 2013 WL 6163220, at *4.

### III.    Conclusion

For these reasons, the Court **RECOMMENDS** that UAW's motion to dismiss, ECF No. 12, be **GRANTED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 11, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2022.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager

6