UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT EUGENE BETHEA,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY GM TECH CENTER,<br>UNITED AUTOWORKERS LOCAL #160, and<br>ARAMARK SERVICES,<br><br>    Defendants. | Case No. 21-12432<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [17] AND GRANTING LOCAL 160'S MOTION TO DISMISS [12]**

Robert Bethea used to work at the GM Tech Center. He claims that while he worked there, he was subject to racial discrimination and harassment. Some of this discrimination was allegedly at the hands of his union, the United Autoworkers Local 160. So Bethea sued Local 160, among others. In time, Local 160 filed a motion to dismiss, asserting that Bethea had filed his suit one day after the 90-day window to sue had closed.

This Court referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford. She granted Bethea extensions to respond to Local 160's motion, but he never did. Eventually, Magistrate Judge Stafford issued a show cause, but Bethea did not respond to that order, either. On July 11, 2022, Magistrate Judge Stafford

concluded that Bethea's suit was filed a day late and recommended granting Local 160's motion. (ECF No. 17.)

At the conclusion of her July 11, 2022 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[i]f a party fails to timely file specific objections, any further appeal is waived." (ECF No. 17, PageID.55.) Even granting Bethea the three extra days provided in Rule 6(d) because the Report was served on him by mail, the time to object has passed. And no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court

further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts her recommended disposition. (ECF No. 17.) It follows that the Local 160's motion to dismiss (ECF No. 12) is GRANTED.

SO ORDERED.

Dated: August 8, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
